Michelle K. Fossum, WSBA #20249
Sayre Sayre & Fossum, P.S.
201 W. North River Drive, Suite #460
Spokane, WA 99201
Tel: (509) 325-7330
michelle@sayrelaw.com
gina@sayrelaw.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VIRGINIA VALDEZ, )<br><br>  Plaintiff, )<br><br>vs. )<br><br>GRANT COUNTY HEALTH DISTRICT, )<br>a municipal corporation, THERESA )<br>ADKINSON, an individual; and )<br>GRANT COUNTY HEALTH )<br>DISTRICT BOARD MEMBERS, )<br><br>  Defendants. )<br> - - - | **No.: 2:21-cv-00223**<br><br>**CERTIFICATE OF SERVICE AND FILING AT STATE COURT OF NOTICE TO ADVERSE PARTY OF FILING NOTICE OF REMOVAL IN FEDERAL COURT** |

I, GINA CHRISTENSEN, hereby certify and declare as follows:

1.    I am over the age of 18 years old and not a party to this action.

2.    On July 27, 2021, the Notice to Adverse Party and State Court of Filing Notice of Removal in Federal Court was sent via the U.S. Mail to be filed with the Superior Court of the State of Washington for Grant County.

CERTIFICATE OF SERVICE AND
FILING AT STATE COURT OF
NOTICE TO ADVERSE PARTY
OF FILING NOTICE OF REMOVAL IN
FEDERAL COURT....P.1



SAYRE SAYRE & FOSSUM ATTORNEYS AT LAW

3.    I sent a copy of the Notice to Adverse Party and State Court of

Filing Notice of Removal in Federal Court via electronic mail and the U.S.

Mail on all parties who have appeared in the action as follows:

Corbin O. Earl, Attorney for Plaintiff Valdez
Earl and Edwards, PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837
corbin@earlandedwards.com

4.    Copies of all documents filed and served are attached hereto as

Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 27th day of July, 2021 in Spokane, Washington.

Gina Christensen

201 W. North River Dr., Suite 460   Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334



SAYRE SAYRE
& FOSSUM ATTORNEYS AT LAW

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Corbin O. Earl
Earl and Edwards, PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837
corbin@earlandedwards.com

Dated this 27th day of July, 2021, at Spokane, Washington.

/s/ Gina Christensen
Gina Christensen, Paralegal
Sayre Sayre & Fossum, P.S.
201 W. North River Dr., Ste. #460
Spokane, WA 99201
Tel: (509)-325-7330
Fax: (509)-325-7334
gina@sayrelaw.com

CERTIFICATE OF SERVICE AND
FILING AT STATE COURT OF
NOTICE TO ADVERSE PARTY
OF FILING NOTICE OF REMOVAL IN
FEDERAL COURT....P.3



SAYRE SAYRE
& FOSSUM ATTORNEYS AT LAW

# EXHIBIT A


July 27, 2021



Grant County Superior Court
Attn: Court Clerk
P.O. Box 37
Ephrata, WA 98823

Re:  *Virginia Valdez v. Grant County Health District, et al*
     *Grant County Superior Court: #21-2-00385-13*

Dear Clerk of Court:

Enclosed please find the original Notice to Adverse Party and State Court of Filing
Notice of Removal in Federal Court for filing. I have included a copy of the same
without the attachments to be conformed and returned in the self-addressed enclosed
envelope.

Thank you in advance for your assistance.

Regards,

**SAYRE SAYRE & FOSSUM, P.S.**

Gina Christensen
Paralegal to Michelle K. Fossum

enclosures

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF GRANT**

| | |
|---|---|
| VIRGINIA VALDEZ, ) | |
| ) | |
| ) | |
| Plaintiff, ) | **No.: 21-2-00385-13** |
| ) | |
| vs. ) | **NOTICE TO ADVERSE PARTY** |
| ) | **AND STATE COURT OF** |
| GRANT COUNTY HEALTH DISTRICT, a ) | **FILING NOTICE OF** |
| municipal corporation, THERESA ADKINSON, ) | **REMOVAL IN FEDERAL** |
| an individual; GRANT COUNTY HEALTH ) | **COURT** |
| DISTRICT BOARD MEMBERS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

- - -

TO:        GRANT COUNTY SUPERIOR COURT CLERK

AND TO:    VIRGINA VALDEZ, by and through her attorney of record, Corbin
           O. Earl.

Pursuant to 28 U.S.C. § 1446(d), Defendants Grant County Health District, Theresa

Adkinson, and the Grant County Health District Board Members hereby give notice that on

July 26, 2021, they filed a Notice of Removal in the United States District Court for the

Eastern District of Washington.

A true and correct copy of the Notice of Removal (with Attachment) is attached



hereto as Exhibit A.

DATED this ___26th___ day of July, 2021.

**SAYRE SAYRE & FOSSUM, P.S.**


By: _Michelle K. Fossum_
Michelle K. Fossum, WSBA #20249
Attorneys for Defendants

201 W. North River Dr., Suite 460   Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334


SAYRE SAYRE & FOSSUM ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27 day of July, 2021, I caused to be served a copy of the original document attached hereto of the NOTICE TO ADVERSE PARTY AND STATE COURT OF FILING NOTICE OF REMOVAL IN FEDERAL COURT in the manner indicated:

Corbin O. Earl
Earl and Edwards, PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837
Tel: (509) 765-1708
*corbin@earlandedwards.com*

___ By Hand
_X_ By U.S. Mail
___ By Facsimile
___ By Messenger
_X_ By Electronic Mail
___ By UPS/Overnight

Gina Christensen

201 W. North River Dr., Suite 460   Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334



SAYRE SAYRE
& FOSSUM ATTORNEYS AT LAW

Michelle K. Fossum, WSBA #20249
Sayre Sayre & Fossum, P.S.
201 W. North River Drive, Suite #460
Spokane, WA 99201
Tel: (509) 325-7330
michelle@sayrelaw.com
gina@sayrelaw.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| VIRGINIA VALDEZ, | ) | |
| Plaintiff, | ) ) ) | No.: 2:21-cv-00223 |
| | ) | **NOTICE OF REMOVAL** |
| vs. | ) | **OF ACTION UNDER** |
| | ) | **28 U.S.C. § 1441(a)** |
| GRANT COUNTY HEALTH DISTRICT, | ) | **(FEDERAL QUESTION)** |
| a municipal corporation, THERESA | ) | |
| ADKINSON, an individual; and | ) | |
| GRANT COUNTY HEALTH | ) | |
| DISTRICT BOARD MEMBERS, | ) | |
| | ) | |
| Defendants. | ) | |

- - -

TO: THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Grant County Health

District, Theresa Adkinson, and the Grant County Health District Board

Members, pursuant to 28 U.S.C. §§1331, 1441 and 1446 hereby remove to this

Court the state court action described below and provide the following

information in support of its removal.

201 W. North River Dr., Suite 460   Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334

SAYRE SAYRE
& FOSSUM ATTORNEYS AT LAW

# I. STATEMENT OF THE CASE

1.      On or about June 30, 2021 an action entitled *Virginia Valdez v. Grant County Health District, Theresa Adkinson and Grant County Health District Board Members* was commenced in the Superior Court of the State of Washington for Grant County by filing a Complaint. An Amended Complaint was filed on July 13, 2021. True and correct copies of the Complaint and Amended Complaint are attached hereto as Exhibit A.

2.      The Complaint lists Grant County Health District, Theresa Adkinson, and the Grant County Health District Board Members as Defendants.

3.      The Complaint asserts federal and state causes of action, including violations of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e-2(a)(1).

# II. FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

4.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 because the Complaint on its face states federal questions arising under 42 U.S.C. § 2000e-2(a)(1). (Civil Rights Act of 1964, as amended).

5.      This Court has jurisdiction over the state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. §1367(a), as they are

related to the federal claim and form part of the same case or controversy.

6.      To the extent that any claims alleged in the Complaint are not found to be subject to original or supplemental jurisdiction under 28 U.S.C. §§ 1331 and 1367(a), the action is removable under 28 U.S.C. §1441(c).

### III. PROCEDURAL REQUIREMENTS

7.      Joinder: All Defendants who have been served with a summons and complaint have joined in this Notice of Removal.

8.      Timeliness: None of the Defendants were served with the original Complaint. Grant County Health District was served with the Amended Complaint on July 12, 2021. Theresa Adkinson was served with the Amended Complaint on July 13, 2021. On information and belief, the Grant County Health District Board Members have not yet been served. This Notice of Removal is filed within thirty days of service of the summons and complaint. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

9.      Venue: Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. §1391(b)(1) and (2), because all Defendants reside in this District and a substantial part of the event or actions alleged in the Complaint occurred in this District. This Notice of Removal is filed in the District Court of the United States for the District in which this suit was filed

201 W. North River Dr., Suite 460  Spokane, WA 99201-2262
(509) 325-7330  FAX (509) 325-7334


SAYRE SAYRE
& FOSSUM ATTORNEYS AT LAW

and, therefore, complies with 28 U.S.C. § 1446(a).

10. <u>Notice to Adverse Parties and State Court:</u> Pursuant to 28 U.S.C. § 1446(d), Grant County Health District will promptly serve a written notice of filing this Notice of Removal with the Superior Court of the State of Washington for Grant County.

11. <u>State Court Records:</u> Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, orders, and documents from the State Court action which have been served upon Defendants, other than the Complaint and Amended Complaint are attached as Exhibit B.

## IV. CONCLUSION

Based on the above, Defendants respectfully request that Cause No. 21-2-00385-13, currently pending against them in the Superior Court for the State of Washington for Grant County be removed to this Court.

DATED this 26ᵗʰ day of July, 2021.

SAYRE SAYRE & FOSSUM, P.S.

By: _Michelle K. Fossum_
Michelle K. Fossum, WSBA #20249
Attorneys for Defendants Grant County
Health District, Theresa Adkinson and
Grant County Health District Board of
Health Members

201 W. North River Dr., Suite 460  Spokane, WA 99201-2262
(509) 325-7330  FAX (509) 325-7334


SAYRE SAYRE & FOSSUM  ATTORNEYS AT LAW

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Corbin O. Earl, WSBA #52300
Earl and Edwards, P.L.L.C.
1334 S. Pioneer Way
Moses Lake, WA 98837
Telephone: (509) 765-1705
corbin@earlandedwards.com

Dated this 26 day of July, 2021, at Spokane, Washington.

/s/Gina Christensen
Gina Christensen, Paralegal
Sayre Sayre & Fossum, P.S.
201 W. North River Dr., Ste. #460
Spokane, WA 99201
Tel: (509) 325-7330
Fax: (509) 325-7334
gina@sayrelaw.com



201 W. North River Dr., Suite 460   Spokane, WA 99201-2262
(509) 325-7330   FAX (509) 325-7334

# EXHIBIT A

SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF GRANT

VIRGINA VALDEZ,

          Plaintiff,

vs.

GRANT COUNTY HEALTH DISTRICT, a
municipal corporation; THERESA
ADKINSON, an individual; GRANT
COUNTY HEALTH DISTRICT BOARD
MEMBERS

          Defendant.

NO. 21-2-00385-13

COMPLAINT

Comes now Plaintiff Virginia Valdez ("Plaintiff" or "Virginia"), by and through

the undersigned attorney, Corbin Earl, and brings this lawsuit against Defendants Grant County

Health District ("GCHD"), Theresa Adkinson ("Adkinson"), and Grant County Health District

Board Members ("GCHDBM"). In support of these allegations, Plaintiff states:

## I. PLAINTIFF

1.    Plaintiff Virginia Valdez is a resident of Grant County, Washington.

## II. DEFENDANTS

COMPLAINT – pg. 1 of 9



2.     Defendant GCHD is a Washington municipal corporation responsible for public health in Grant County.

3.     Defendant GCHDM is an entity of elected members who oversee the functioning and operation of the Grant County Health District.

4.     Defendant Adkinson is an individual and the Administrator of GCHD. Adkinson's responsibilities as Administrator includes oversight of employees, enforcement of personnel policy, and disciplinary actions.

### III.     JURISDICTION AND VENUE

1.     Plaintiff is a resident of Grant County and the State of Washington.

2.     Defendants GCHD and GCHDBM are residences of Grant County according to RCW 4.12.025(1) as they transact business in Grant County.

3.     Defendant Adkinson is a resident of Grant County.

4.     Grant County Superior Court is the proper venue.

5.     Grant County Superior Court has jurisdiction RCW 49.60 *et al*

### IV.     FACTS

6.  Plaintiff is a Hispanic woman.

7.  On July 31, 2017, Plaintiff was hired as an Administrative Manager. In her role, she supervised the front-end staff, performed human resources functions such as hiring and firing.

8.  Plaintiff also frequently worked with the Grant County Health District attorney, Katherine Kenison ("Kenison"), on employment matters.

COMPLAINT -- pg. 2 of 9



Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

9. Plaintiff was hired into this role for her human resources expertise. Plaintiff also performed payroll functions. GCHD had never had human resource personnel before Plaintiff's hiring.

10. Plaintiff immediately noticed that certain employees were getting paid higher wages based upon preference.

11. GCHD has a step scale for salary that was based on tenure however employees at GCHD were being moved on the pay scale based on preference instead.

12. Plaintiff also noticed that the male manager was being paid higher than her and the other female manager even though all three managers had comparable credentials.

13. On November 9, 2017, Plaintiff received a complaint of harassment from Kathleen Nelson ("Nelson") against the Administrator Adkinson. Nelson claimed that Adkinson came into her office and berated her in front of Nelson's employees that she supervised.

14. Nelson claimed that Adkinson took this action because of her age and that Adkinson wanted to terminate her.

15. Nelson expressed to Plaintiff that she was in fear for her job.

16. Nelson also claimed the harassment took place on November 8, 2017.

17. Plaintiff began an investigation into Nelson's claims and interviewed employees.

18. Numerous employees claimed they were in fear for their jobs and feared that Adkinson would take retaliatory action against them. Heather Massart made a claim that Adkinson had treated her in the same manner but was afraid to say anything for fear it would harm her career.

19. On November 10, 2017, Plaintiff met with Health Officer, Alex Brzny ("Brzny"), district attorney Kenison, and GCHDBM Chairman and Seat #7, Tony Massa ("Massa"). Plaintiff



Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

gave copies of her investigative notes to all of them. Massa, Brzny, and Kenison decided that Plaintiff would continue interviewing witnesses and Kenison would interview Adkinson.

20. There was no follow up to the investigation and Plaintiff was cut out of the loop.

21. In February 2018, Janice Corbin ("Corbin") was hired as a consultant to conduct a lengthy "climate survey" to see how the culture in the office was. She had conducted a survey before for the district.

22. Corbin works for Sound Employment Solutions, LLC which offers a variety of services including management coaching, confliction resolution, investigations, risk assessments, and other similar services.

23. Plaintiff received numerous complaints from multiple employees against Corbin about how she interviewed employees and made recommendations about who to terminate.

24. Employees once again expressed fear to Plaintiff about losing their jobs and did not want to participate in the climate survey.

25. Plaintiff voiced these concerns to Adkinson and Massa. They told Plaintiff that the survey would take place whether people like it or not and that she "better get on board."

26. In March 2018, Corbin concluded her interviews. She handpicked employees that she recommends should be terminated including Vicky Rutherford who had made claims against Adkinson for disability discrimination and Nelson who made a claim about age discrimination. Plaintiff was on the phone call when Corbin made the above recommendations to Adkinson.

COMPLAINT – pg. 4 of 9

Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

27. Corbin herself was also involved in the furtherance of a hostile working environment. One employee came to Plaintiff and told her that Corbin had inappropriately touched her and made a sexually suggestive comment.

28. Corbin also made a statement about Plaintiff's race/ethnicity. Corbin stated that first generation students of Mexican heritage have to work harder to be successful because Plaintiff's parents had to "work in the fields."

29. Plaintiff sent an email to district attorney Kension and board chair Massa voicing concerns about the report by Corbin and about Corbin herself.

30. On April 6, Adkinson called Plaintiff, and very defensively questioned why Plaintiff sent an email to Kension and stated that it should have waited until Adkinson was back in the office because she was out of town.

31. On April 13, 2018, Plaintiff met with Kenison at her office in Ephrata to voice concerns about the climate survey, Corbin, and the harassment claims. Kenison denied that there was any wrongdoing and failed to conduct any follow up about these claims.

32. Plaintiff also stated the employees were in fear of their jobs and afraid of Adkinson and Corbin. Kenison informed Adkinson of the meeting which should have been confidential.

33. On April 26, 2018 Adkinson and Corbin came into Plaintiff's office and delivered a notice of discipline hearing. There was a scheduled *Loudermill* hearing. They asked Plaintiff to gather her possessions and relinquish her keys.

34. Plaintiff did not say anything and gathered her possessions. Corbin then said to Plaintiff "you knew this was coming, didn't you?"

35. On April 30, 2018, Plaintiff participated the Loudermill hearing.

Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

36. Plaintiff arrived for her meeting and was asked to wait. Kenison came in late like she wasn't expecting a meeting. Her hair was not done and she appeared frazzled.

37. Plaintiff went into Adkinson's office with both of them and read a statement about all of her concerns of retaliation and harassment. There was no follow up to the claims.

38. On May 7, 2018 Plaintiff's employment with Grant County Health District was officially terminated.

39. In and around November and December of 2018, Plaintiff filed claims with both the EEOC and the Washington State Human Rights Commission. Investigations were ongoing up until April of 2021.

40.   On April 29, 2021, a Standard Tort Claim form for Plaintiff was delivered to the Grant County Auditor's office.

41.   60 days have elapsed since the Tort Claim Form was served.

## V.   CAUSES OF ACTION

### Count I: Retaliation in Violation of the Washington Law Against Discrimination ("WLAD")

42.   Plaintiff realleges and incorporates by reference herein all of the allegations contained above.

43.   Defendants' conduct against Plaintiff, as herein outlined, constitutes retaliation in violation of RCW 49.60.210(1), which prohibits an employer from discriminating against an employee because she has opposed a discriminatory practiced protected by the WLAD.

44.   Plaintiff, as part of her job duties, was investigating claims of discrimination brought to her by multiple employees against Adkinson.

COMPLAINT – pg. 6 of 9

Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

45.     Plaintiff was terminated from employment by Adkinson when Plaintiff brought concerns to GCHD's attorney, Kenison, about Adkinson's decision to terminate at least two employees who had made discrimination claims against Adkinson.

46.     Plaintiff's disciplinary action and termination were predicated upon Plaintiff contacting Kenison about discrimination by Adkinson.

47.     As a result of the retaliatory action taken by Defendants Adkinson, GCHD, and GCHDBM, Plaintiff is entitled to back pay, front pay, impact of future earnings, compensatory damages, recovery for personal injuries for emotional distress, humiliation, pain & suffering, loss of quality of life, and attorney's fees and costs.

### Count II: Racial Discrimination in Violation of the WLAD

48. Plaintiff realleges and incorporates by reference herein all of the allegations contained above.

49. Plaintiff is Hispanic

50. Plaintiff is paid less than the white supervisor who is similarly situated in work experience and education. Plaintiff and the white supervisor share similar duties and responsibilities.

51. Corbin told Plaintiff that she had to work harder because her parent's worked in the field because they were Mexican.

52. Because of the disparate treatment, Plaintiff entitled to back pay, front pay, impact of future earnings, compensatory damages, recovery for personal injuries for emotional distress, humiliation, pain & suffering, loss of quality of life, and attorney's fees and costs.

### Count III: Gender Discrimination in Violation of the WLAD



Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

53. Plaintiff realleges and incorporates by reference herein all of the allegations contained above.

54. Plaintiff is a female.

55. Plaintiff is paid less than the male supervisor who is similarly situated in work experience and education. Plaintiff and the male supervisor share similar duties and responsibilities.

56. The male supervisor is also paid more than the other female supervisor who is who is similarly situated in terms of work responsibilities, duties, work experience, and education.

57. Because of the disparate treatment, Plaintiff entitled to back pay, front pay, impact of future earnings, compensatory damages, recovery for personal injuries for emotional distress, humiliation, pain & suffering, loss of quality of life, and attorney's fees and costs.

## VI. DAMAGES

58.     Defendant's tortious conduct caused Plaintiff's injuries and general damages, including Plaintiff's pain and suffering, emotional distress, embarrassment, humiliation, loss of enjoyment, loss of quality of life, loss of parental relationship.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

A.     For a judgment of liability in favor of Plaintiff and against Defendants in an amount to be decided at the time of trial;

B.     For an award of general damages in favor of Plaintiff and against Defendant in an amount to be decided at the time of trial;

C.     For an award of special damages in favor of Plaintiff and against Defendants;

D.     For Plaintiff's costs and disbursements herein and reasonable attorney's fees;

E.     For such further relief as the Court finds appropriate, equitable, or just.

COMPLAINT – pg. 8 of 9


Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

DATED:   June 30, 2021

Respectfully submitted,



Corbin O. Earl WSBA #52300

Attorney for Plaintiff

COMPLAINT – pg. 9 of 9

Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

RANDI HERRIN
FILED

2021 JUL 13 PM 1:02

KIMBERLY A. ALLEN
GRANT COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF GRANT

| | |
|---|---|
| VIRGINA VALDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>GRANT COUNTY HEALTH DISTRICT, a municipal corporation; THERESA ADKINSON, an individual; GRANT COUNTY HEALTH DISTRICT BOARD<br><br>Defendant. | NO. 21-2-00385-13<br><br>AMENDED COMPLAINT |

Comes now Plaintiff Virginia Valdez ("Plaintiff" or "Virginia"), by and through the undersigned attorney, Corbin Earl, and brings this lawsuit against Defendants Grant County Health District ("GCHD"), Theresa Adkinson ("Adkinson"), and Grant County Health District Board ("GCHDB"). In support of these allegations, Plaintiff states:

I. PLAINTIFF

1. Plaintiff Virginia Valdez is a resident of Grant County, Washington.

II. DEFENDANTS

AMENDED COMPLAINT – pg. 1 of 11



Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

2. Defendant GCHD is a Washington municipal corporation responsible for public health in Grant County.

3. Defendant GCHDb is an entity of elected members who oversee the functioning and operation of the Grant County Health District.

4. Defendant Adkinson is an individual and the Administrator of GCHD. Adkinson's responsibilities as Administrator includes oversight of employees, enforcement of personnel policy, and disciplinary actions.

III.    JURISDICTION AND VENUE

5. Plaintiff is a resident of Grant County and the State of Washington.

6. Defendants GCHD and GCHDB are residents of Grant County according to RCW 4.12.025(1) as they transact business in Grant County.

7. Defendant Adkinson is a resident of Grant County.

8. Grant County Superior Court is the proper venue.

9. Grant County Superior Court has jurisdiction RCW 49.60 et al

IV.    FACTS

10. Plaintiff is a Hispanic woman.

11. On July 31, 2017, Plaintiff was hired as an Administrative Manager. In her role, she supervised the front-end staff, performed human resources functions such as hiring and firing.

12. Plaintiff also frequently worked with the Grant County Health District attorney, Katherine Kenison ("Kenison"), on employment matters.

AMENDED COMPLAINT – pg. 2 of 11



Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

13. Plaintiff was hired into this role for her human resources expertise. Plaintiff also performed payroll functions. GCHD had never had human resource personnel before Plaintiff's hiring.

14. Plaintiff immediately noticed that certain employees were getting paid higher wages based upon preference.

15. GCHD has a step scale for salary that was based on tenure however employees at GCHD were being moved on the pay scale based on preference instead.

16. Plaintiff also noticed that the male manager was being paid higher than her and the other female manager even though all three managers had comparable credentials.

17. On November 9, 2017, Plaintiff received a complaint of harassment from Kathleen Nelson ("Nelson") against the Administrator Adkinson. Nelson claimed that Adkinson came into her office and berated her in front of Nelson's employees that she supervised.

18. Nelson claimed that Adkinson took this action because of her age and that Adkinson wanted to terminate her.

19. Nelson expressed to Plaintiff that she was in fear for her job.

20. Nelson also claimed the harassment took place on November 8, 2017.

21. Plaintiff began an investigation into Nelson's claims and interviewed employees.

22. Numerous employees claimed they were in fear for their jobs and feared that Adkinson would take retaliatory action against them. Heather Massart made a claim that Adkinson had treated her in the same manner but was afraid to say anything for fear it would harm her career.

23. On November 10, 2017, Plaintiff met with Health Officer, Alex Brzny ("Brzny"), district attorney Kenison, and GCHDBM Chairman and Seat #7, Tony Massa ("Massa"). Plaintiff

AMENDED COMPLAINT – pg. 3 of 11



gave copies of her investigative notes to all of them. Massa, Brzny, and Kenison decided that Plaintiff would continue interviewing witnesses and Kenison would interview Adkinson.

24. There was no follow up to the investigation and Plaintiff was cut out of the loop.

25. In February 2018, Janice Corbin ("Corbin") was hired as a consultant to conduct a lengthy "climate survey" to see how the culture in the office was. She had conducted a survey before for the district.

26. Corbin works for Sound Employment Solutions, LLC which offers a variety of services including management coaching, confliction resolution, investigations, risk assessments, and other similar services.

27. Plaintiff received numerous complaints from multiple employees against Corbin about how she interviewed employees and made recommendations about who to terminate.

28. Employees once again expressed fear to Plaintiff about losing their jobs and did not want to participate in the climate survey.

29. Plaintiff voiced these concerns to Adkinson and Massa. They told Plaintiff that the survey would take place whether people like it or not and that she "better get on board."

30. In March 2018, Corbin concluded her interviews. She handpicked employees that she recommends should be terminated including Vicky Rutherford who had made claims against Adkinson for disability discrimination and Nelson who made a claim about age discrimination. Plaintiff was on the phone call when Corbin made the above recommendations to Adkinson.

AMENDED COMPLAINT – pg. 4 of 11

Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

31. Corbin herself was also involved in the furtherance of a hostile working environment. One employee came to Plaintiff and told her that Corbin had inappropriately touched her and made a sexually suggestive comment.

32. Corbin also made a statement about Plaintiff's race/ethnicity. Corbin stated that first generation students of Mexican heritage have to work harder to be successful because Plaintiff's parents had to "work in the fields."

33. Plaintiff sent an email to district attorney Kenison and board chair Massa voicing concerns about the report by Corbin and about Corbin herself.

34. On April 6, Adkinson called Plaintiff, and very defensively questioned why Plaintiff sent an email to Kension, and stated that it should have waited until Adkinson was back in the office because she was out of town.

35. On April 13, 2018, Plaintiff met with Kenison at her office in Ephrata to voice concerns about the climate survey, Corbin, and the harassment claims. Kenison denied that there was any wrongdoing and failed to conduct any follow up about these claims.

36. Plaintiff also stated the employees were in fear of their jobs and afraid of Adkinson and Corbin. Kenison informed Adkinson of the meeting which should have been confidential.

37. On April 26, 2018, Adkinson and Corbin came into Plaintiff's office and delivered a notice of discipline hearing. There was a scheduled *Loudermill* hearing. They asked Plaintiff to gather her possessions and relinquish her keys.

38. Plaintiff did not say anything and gathered her possessions. Corbin then said to Plaintiff "you knew this was coming, didn't you?"

39. On April 30, 2018, Plaintiff participated the Loudermill hearing.

AMENDED COMPLAINT – pg. 5 of 11

40. Plaintiff arrived for her meeting and was asked to wait. Kenison came in late like she wasn't expecting a meeting. Her hair was not done and she appeared frazzled.

41. Plaintiff went into Adkinson's office with both of them and read a statement about all of her concerns of retaliation and harassment. There was no follow up to the claims.

42. On May 7, 2018 Plaintiff's employment with Grant County Health District was officially terminated.

43. In and around November and December of 2018, Plaintiff filed claims with both the EEOC and the Washington State Human Rights Commission. Investigations were ongoing up until April of 2021.

44. On May 28, 2021, the EEOC and WSHRC provided a Right to Sue letter to Plaintiff.

45. Plaintiff looked for a Tort Claim form for the Grant County Health District but did not find any information or forms to satisfy RCW 4.96.020(3)(c).

46. Grant County Health District does not have a form available at their office and does not any information on how to get the tort claim form.

47. The Grant County Auditor has listed as an agent for the Grant County Health District the Administrator and Deputy Administrator for the Grant County Health District but has their address as 332 Division Ave W, Ephrata, WA 98823.

48. Grant County Health District did not have the Standard Tort Claim Form available and did not have the correct information for its agent and is in violation of RCW 4.96.020(2) and RCW 4.96.020(3)(c).

49. Despite these violations, Plaintiff attempted to serve a Grant County Tort Claim Form on the Grant County Auditor as the instructions provided.

AMENDED COMPLAINT – pg. 6 of 11



Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

50. On April 29, 2021, a Standard Tort Claim form for Plaintiff was delivered to the Grant County Auditor's office.

51. 60 days have elapsed since the Tort Claim Form was served.

52. Plaintiff filed the original Complaint and Jury Demand on June 30, 2021.

## V. CAUSES OF ACTION

### Count I: Retaliation in Violation of the Washington Law Against Discrimination ("WLAD")

53. Plaintiff realleges and incorporates by reference herein all of the allegations contained above.

54. Defendants' conduct against Plaintiff, as herein outlined, constitutes retaliation in violation of RCW 49.60.210(1), which prohibits an employer from discriminating against an employee because she has opposed a discriminatory practiced protected by the WLAD.

55. Plaintiff, as part of her job duties, was investigating claims of discrimination brought to her by multiple employees against Adkinson.

56. Plaintiff was terminated from employment by Adkinson when Plaintiff brought concerns to GCHD's attorney, Kenison, about Adkinson's decision to terminate at least two employees who had made discrimination claims against Adkinson.

57. Plaintiff's disciplinary action and termination were predicated upon Plaintiff contacting Kenison about discrimination by Adkinson.

58. As a result of the retaliatory action taken by Defendants Adkinson, GCHD, and GCHDBM, Plaintiff is entitled to back pay, front pay, impact of future earnings, compensatory damages, recovery for personal injuries for emotional distress, humiliation, pain & suffering, loss of quality of life, and attorney's fees and costs.

Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

## Count II: Racial Discrimination in Violation of the WLAD

59. Plaintiff realleges and incorporates by reference herein all of the allegations contained above.

60. Plaintiff is Hispanic

61. Plaintiff is paid less than the white supervisor who is similarly situated in work experience and education. Plaintiff and the white supervisor share similar duties and responsibilities.

62. Corbin told Plaintiff that she had to work harder because her parent's worked in the field because they were Mexican.

63. Because of the disparate treatment, Plaintiff entitled to back pay, front pay, impact of future earnings, compensatory damages, recovery for personal injuries for emotional distress, humiliation, pain & suffering, loss of quality of life, and attorney's fees and costs.

## Count III: Gender Discrimination in Violation of the WLAD

64. Plaintiff realleges and incorporates by reference herein all of the allegations contained above.

65. Plaintiff is a female.

66. Plaintiff is paid less than the male supervisor who is similarly situated in work experience and education. Plaintiff and the male supervisor share similar duties and responsibilities.

67. The male supervisor is also paid more than the other female supervisor who is who is similarly situated in terms of work responsibilities, duties, work experience, and education.

68. Because of the disparate treatment, Plaintiff entitled to back pay, front pay, impact of future earnings, compensatory damages, recovery for personal injuries for emotional distress, humiliation, pain & suffering, loss of quality of life, and attorney's fees and costs.

AMENDED COMPLAINT – pg. 8 of 11



Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

## Count IV: Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964.

69. Plaintiff realleges and incorporates by reference herein all of the allegations contained above.

70. Defendants participated in, knew, or should have know that Theresa Adkinson was engaging in severe and pervasive harassment of Plaintiff on account of her gender, creating a hostile environment for her and other female employees.

71. Defendants treated Plaintiff in a disparate manner from her male counterpart and her gender was a substantial motivating factor in that treatment.

72. These actions complained of herein violated Title VII Plaintiff of the Civil Rights Act, entitling Plaintiff to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

## Count V: Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964.

73. Plaintiff realleges and incorporates by reference herein all of the allegations contained above.

74. Plaintiff was intentionally subjected to a toxic and hostile work environment based on her gender, race, and protected activity that was intended to and did cause her severe emotional distress, thereby entitling her to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

## Count VI: Wrongful Termination/Retaliation in Violation of Title VII of the Civil Rights Act of 1964.



Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

75. Plaintiff realleges and incorporates by reference herein all of the allegations contained above.

76. Defendants took adverse employment action against Plaintiff because of Plaintiff's investigation and complaint of discrimination.

77. These actions complained of herein violated Title VII of the Civil Rights, entitling Plaintiff to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

### Count VII: Wrongful Termination in Violation of Public Policy.

78. Plaintiff realleges and incorporates by reference herein all of the allegations contained above.

79. Plaintiff was terminated from employment in contravention of public policies prohibiting gender discrimination, harassment, and retaliation, thereby entitling her to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

### VI.    DAMAGES
80. Defendant's tortious conduct caused Plaintiff's injuries and general damages, including Plaintiff's pain and suffering, emotional distress, embarrassment, humiliation, loss of enjoyment, loss of quality of life, loss of parental relationship.

### VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

A.  For a judgment of liability in favor of Plaintiff and against Defendants in an amount to be decided at the time of trial;

B.  For an award of general damages in favor of Plaintiff and against Defendant in an amount to be decided at the time of trial;

C.  For an award of punitive damages in favor of Plaintiff in an amount to be decided at trial;

D.  For an award of special damages in favor of Plaintiff and against Defendants;

E.  For Plaintiff's costs and disbursements herein and reasonable attorney's fees;

F.  For such further relief as the Court finds appropriate, equitable, or just.

DATED:  July 12, 2021

Respectfully submitted,

Corbin O. Earl WSBA #52300
Attorney for Plaintiff

Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

# EXHIBIT B

SUPERIOR COURT OF THE STATE OF WASHINGTON, IN AND FOR THE

COUNTY OF GRANT

| | |
|---|---|
| Virginia Valdez, | |
|     Plaintiff, | Case No: 21-2-00385-13 |
| vs. | SUMMONS |
| GRANT COUNTY HEALTH DISTRICT, a municipal corporation; THERESA ADKINSON, an individual; GRANT COUNTY HEALTH DISTRICT BOARD MEMBERS | |
|     Defendant. | |

TO:    THE DEFENDANT: Grant County Health District

A lawsuit has been started against you in the above-entitled court by, VIRGINIA VALDEZ, Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within twenty (20) days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled



East and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

1  to what they ask for because you have not responded. If you serve a notice of appearance on the

2  undersigned person, you are entitled to notice before a default judgment may be entered.

3  You may demand that the plaintiff files this lawsuit with the court. If you do so, the

4  demand must by in writing and must be served upon the person signing this summons. Within

5  fourteen (14) days after you serve the demand, the plaintiff must file this lawsuit with the court

6  or the service on you of this summons and complaint will be void.

7  If you wish to seek the advice of an attorney in this matter, you should do so promptly so

8  that your written response, if any, may be served on time.

9  This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

10  of Washington.

11  DATED this 29nd day of June, 2021.

12

13  

14

15  _____
   Corbin O. Earl
   Attorney for Plaintiff

16

17

18

19

20

21

22

23

24

Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

RANDI HERRIN

**FILED**

JUN 30 2021

KIMBERLY A. ALLEN
GRANT COUNTY CLERK

PAID $ 125
( ) CASH
(√) CHECK
( ) CREDIT CARD

# SUPERIOR COURT OF THE STATE OF WASHINGTON, IN AND FOR THE

## COUNTY OF GRANT

Virginia Valdez,

     Plaintiff,

vs.

GRANT COUNTY HEALTH DISTRICT, a
municipal corporation; THERESA
ADKINSON, an individual; GRANT
COUNTY HEALTH DISTRICT BOARD
MEMBERS

    Defendant.

Case No: 2 1 - 2 - 0 0 3 8 5 - 1 3

DEMAND FOR JURY

The PLAINTIFF hereby elects to have the above entitled cause tried by a jury.

The jury demand fee is hereby paid, in the amount of:

     ⊗ Six Member Jury -- $125.00

     ☐ Twelve Member Jury -- $250.00

Dated this ___29th___ day of ___JUNE___, 20_21___.

By _____

Attorney for ___VIRGINIA VALDEZ___

Address ___1334 S. PIONEER WAY, MOSES LAKE, WA 98837___

Phone Number ___5097651708___

Bar Number ___52300___

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF GRANT

VIRGINIA VALDEZ,                        )
                                        )
                                        )
                    Plaintiff,          )       No.: 21-2-00385-13
                                        )
        vs.                             )       **NOTICE OF APPEARANCE**
                                        )
GRANT COUNTY HEALTH DISTRICT, a         )
municipal corporation, THERESA ADKINSON, )
an individual; GRANT COUNTY HEALTH      )
DISTRICT BOARD MEMBERS,                 )
                                        )
                    Defendants.         )
                                        )
                                      - - -

TO:     Plaintiff, Virginia Valdez and to Corbin O. Earl, your attorney.

        PLEASE TAKE NOTICE that the appearance of the Defendants, Grant County

Health District, Theresa Adkinson and Grant County Health District Board Members is

hereby entered in the above-entitled matter through the undersigned attorneys, and that all

further pleadings or papers, exclusive of original process, are to be served upon said

attorneys at their address below stated.

        DATED this _*20th*_ day of July, 2021.

                                **SAYRE SAYRE & FOSSUM, P.S.**


                        By: _Michelle K. Fossum_
                            Michelle K. Fossum, WSBA #20249
                            Attorneys for Defendants

NOTICE OF APPEARANCE ... P. 1



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _20th_ day of July, 2021, I caused to be served a copy of the original document attached hereto of the NOTICE OF APPEARANCE in the manner indicated:

Corbin O. Earl
Earl and Edwards, PLLC
1334 S. Pioneer Way
Moses Lake, WA 99201
Tel: (509) 765-1708
corbin@earlandedwards.com

_____ By Hand
__X__ By U.S. Mail
_____ By Facsimile
_____ By Messenger
__X__ By Electronic Mail
_____ By UPS/Overnight

Michelle K. Fossum
Michelle K. Fossum

NOTICE OF APPEARANCE ... P.2


SAYRE SAYRE & FOSSUM ATTORNEYS AT LAW

RANDI HERRIN

FILED

2021 JUL 13 PM 1: 02

KIMBERLY A. ALLEN
GRANT COUNTY CLERK



SUPERIOR COURT OF THE STATE OF WASHINGTON, IN AND FOR THE

COUNTY OF GRANT

Virginia Valdez,

      Plaintiff,

vs.

GRANT COUNTY HEALTH DISTRICT, a
municipal corporation; THERESA
ADKINSON, an individual; GRANT
COUNTY HEALTH DISTRICT BOARD
MEMBERS

      Defendant.

Case No: 21-2-00385-13

AMENDED SUMMONS

TO:    THE DEFENDANT: Grant County Health District

    A lawsuit has been started against you in the above-entitled court by, VIRGINIA

VALDEZ, Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is

served upon you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your

defense in writing, and by serving a copy upon the person signing this summons within twenty

(20) days after the service of this summons, excluding the day of service, or a default judgment

may be entered against you without notice. A default judgment is one where plaintiff is entitled



Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837

1    to what they ask for because you have not responded. If you serve a notice of appearance on the

2    undersigned person, you are entitled to notice before a default judgment may be entered.

3         You may demand that the plaintiff files this lawsuit with the court. If you do so, the

4    demand must by in writing and must be served upon the person signing this summons. Within

5    fourteen (14) days after you serve the demand, the plaintiff must file this lawsuit with the court

6    or the service on you of this summons and complaint will be void.

7         If you wish to seek the advice of an attorney in this matter, you should do so promptly so

8    that your written response, if any, may be served on time.

9         This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

10   of Washington.

11   DATED this 12th day of July, 2021.

12

13

14

15   Corbin O. Earl
     Attorney for Plaintiff

16

17

18

19

20

21

22

23

24



Earl and Edwards PLLC
1334 S. Pioneer Way
Moses Lake, WA 98837